UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,                         No. 09-13809

              Plaintiff,                     District Judge Sean F. Cox
v.                                               Magistrate Judge R. Steven Whalen

FRANK J. BLUESTEIN,

              Defendant.

_____/

## ORDER

Before the Court is Defendant Frank J. Bluestein's ("Defendant's") October 10, 2010

Motion to Stay Proceedings as a result of an August 11, 2010 Involuntary Bankruptcy Petition

[Docket #24]. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND FACTS

Plaintiff United States Securities and Exchange Commission ("SEC") filed suit in this Court

on September 28, 2009 under the Securities Act 15 U.S.C. § 77t(b) and the Exchange Act, 15 U.S.C.

§§ 78u(d), 78u(e) alleging Defendant's involvement in a $250 million Ponzi scheme. *Complaint*

at ¶1. Plaintiff requests a permanent injunction against Defendant, a securities broker, from

continuing the alleged activities, as well as the disgorgement of "ill-gotten gains," and civil

penalties. *Id.* at pg. 17.

## II. THE PRESENT MOTION

Defendant asks for a stay of proceedings pursuant to 11 U.S.C. § 362(a)(1), which states that

the filing of a bankruptcy petition generally "operates as a stay, applicable to all entities," including

> (1) the commencement or continuation, including the issuance or employment of
> process, of a judicial, administrative, or other action or proceeding against the debtor
> that was or could have been commenced before the commencement of the case under

this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

Notwithstanding Defendant's citation to the general rule, the present action by the SEC is exempt from the automatic stay provision, which creates an exception for the following:

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power[.]

§ 362(b)(4). An action seeking "to enforce the police and regulatory authority of a governmental unit, represents one of the exceptions to this 'stay' mandate." *U.S. ex rel. Lazar v. Worldwide Financial Services, Inc.,* 2007 WL 4180718, *1  (E.D.Mich. 2007); 11 U.S.C. § 362(b)(4). "In passing this legislation, Congress expressed its intention to permit the continuation of actions and proceedings by governmental units which are designed to redress fraud." *Lazar,* at *1 (citing H.R.Rep. No. 95-595, at 728 (1977)).

Moreover, the fact that Defendant's petition is "involuntary" does not prevent the SEC from asserting that it is exempted from the stay under § 362(b)(4). *See U.S. S.E.C. v. Applegate,* 2006 WL 1005302, *1 (N.D. Ohio 2006)(citing *Securities and Exchange Commission v. First Financial Group of Texas,* 645 F.2d 429, 438 (5th Cir.1981); *Bilzerian v. Securities and Exchange Commission,* 146 B.R. 871, 872-73 (Bankr.M.D.Fla.1992)). Likewise, while the District Court cannot *enforce* a disgorgement order while the bankruptcy petition is pending, *see In re Bilzerian,* 146 B.R. 871, 872 -873 (Bankr. M.D. Fla.1992), the fact that Plaintiff seeks disgorgement of Defendant's allegedly ill-gotten gains does not bar the present case from proceeding.[1] *Applegate* at *1.

---

[1] In fact, Plaintiff, arguing that this action is exempted from the stay, concedes that the Court cannot enforce an order of disgorgement. "[T]he exception to the automatic stay permits

Defendant's Motion for Stay is DENIED.

SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: September 12, 2011

_____

**CERTIFICATE OF SERVICE**

I hereby certify on September 12, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 12, 2011: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217

---

the Commission to pursue this action to the point of the enforcement of a money judgment."
*Plaintiff's Response* at 4.