UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States Securities and Exchange
Commission,

        Plaintiff,

v.                                                  Case No.  09-cv-13809

                                                    Honorable Sean F. Cox
Frank Bluestein,                                United States District Court Judge

        Defendant.
_____/

**OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT & RECOMMENDATION**

On September 28, 2009, the Plaintiff United States Securities and Exchange Commission ("the Commission") filed this action, alleging that Defendant Frank J. Bluestein ("Bluestein" or "Defendant") was involved in a $250 million Ponzi scheme. The Complaint alleges violations of: (1) Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)]; (2) Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)]; (3) Sections 17(a)(2) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)]; (4) Section 10(b) of the Exchange Act and Rule 10b-5 thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; and (5) Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].  (Docket Entry No. 1.)

The Court referred this action to Magistrate Judge R. Steven Whalen. (Docket Entry No. 29.)

On July 11, 2012, the Commission filed its Motion for Partial Summary Judgment, moving for summary judgment with regard to Counts 1 through 4 in the Complaint. (Docket Entry No. 45.) The motion further requests that the Court enter an order (1) enjoining Bluestein from further

1

violations of the provisions of the Securities Act and the Exchange Act identified in Counts 1 through 4 in the Complaint and (2) requiring Bluestein to pay disgorgement in the amount $3,603,538.90, prejudgment interest in the amount of $835,932.24, and a civil penalty in an amount to be set by the Court. (Docket Entry No. 45, at 1–2.)

On January 24, 2013, the Commission filed its "Motion for Entry of Permanent Injunction Based on Defendant's Consent." (Docket Entry No. 53.) The motion contends that the Commission:

> hereby moves this Court to enter an order of judgment that permanently enjoins and restrains Defendant Frank Bluestein from violation of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ('Securities Act') [15 U.S.C. §§ 77e(a), 77(c) and 77q(a)]; Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ('Exchange Act') [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder, based on Defendant Bluestein's consent to entry of such an order in open court before Judge Whalen under oath on October 24, 2012.

(*Id.* at 1–2.)

On March 7, 2013, Magistrate Judge R. Steven Whalen issued his Report and Recommendation ("the R&R"), which recommends that (1) the Court **GRANT** Docket Entries 45 and 53; (2) Bluestein be permanently enjoined from future violations of the Securities Act and the Exchange Act; (3) Bluestein be permanently enjoined from working in the securities industry; (4) Bluestein be ordered to disgorge his ill-gotten gains in the amount of $3,603,538.90; (5) that Bluestein be ordered to pay prejudgment interest in the amount of $838,932.24; and (6) Bluestein not be assessed a civil penalty. (Docket Entry No. 55, at 11–12.)

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.

The time for filing objections to the R&R has expired and the docket reflects that neither

party has filed any objections to the R&R.

**IT IS ORDERED** that the Court hereby **ADOPTS** the March 7, 2013, R&R [Docket Entry No. 55];

**IT IS FURTHER ORDERED** that Docket Entries 45 and 53 are **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;
    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the

statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h];

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by the use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of any security without being properly registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)];

**IT IS FURTHER ORDERED** that Defendant is liable for disgorgement of $3,603,538.90, representing profits gained as a result of the conduct alleged in the Complaint, together with interest thereon in the amount of $838,932.24. Defendant shall satisfy this obligation by paying $4,442,471.14 to the Securities and Exchange Commission within 14 days after entry of this Order.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Frank Bluestein as a defendant in this action; and specifying that payment is made pursuant to this Order.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Order to the United States Treasury.

The Commission may enforce the Court's Order for disgorgement and interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after

14 days following entry of this Order. Defendant shall pay interest on any delinquent amounts pursuant to 28 U.S.C. § 1961;

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

**IT IS SO ORDERED**.

Dated:  April 24, 2013

S/ Sean F. Cox
Sean F. Cox
United States District Court Judge

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and upon Frank Bluestein via First Class Mail at the address below:

Frank Bluestein
42125 Pellston
Northville, MI 48167

s/Jennifer McCoy
Case Manager