UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,          No. 09-13809

        Plaintiff,          District Judge Sean F. Cox

v.          Magistrate Judge R. Steven Whalen

FRANK J. BLUESTEIN,

        Defendant.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is Defendant Frank Bluestein's Motion for Relief from Judgment Pursuant to FRCP 60(b)[Doc. #63], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

### I.   FACTS

Plaintiff United States Securities and Exchange Commission ("SEC") filed suit in this Court on September 28, 2009 under the Securities Act and the Exchange Act, alleging Defendant Frank Bluestein's involvement in a $250 million Ponzi scheme. *Complaint* at ¶1. In Count I, Plaintiff alleged that Bluestein violated of §§ 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c), by selling unregistered securities. In Count II, Plaintiff alleged that Bluestein "intentionally or recklessly engaged

-1-

in...devices, schemes, and artifices" to defraud, in violation of §§ 17(a)(1) of the
Securities Act, 15 U.S.C. §§ 77q(a)(1). In Count III, Plaintiff alleged that Bluestein
omitted material facts in selling the securities, in violation of § § 17(a)(2) and (3) of the
Securities Act, 15 U.S.C. §§ 77q(a)(2) and (3). In Count IV, Plaintiff alleged that
Bluestein made untrue statements and omitted to state material facts in selling the
securities, in violation of § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b).

On July 11, 2012, the SEC filed a motion for summary judgment [Doc. #45]. Two
days later, on July 13, 2012, Defendant's attorney, David M. Foster, filed a motion to
withdraw as counsel [Doc. #47]. On August 2, 2012, I took Mr. Foster's motion to
withdraw under advisement, stayed the pending summary judgment motion, and directed
the parties to appear for a settlement conference [Doc. #49]. On October 24, 2012, the
parties appeared for the settlement conference. Defendant Bluestein's counsel appeared
on behalf of his client, and both he and Bluestein participated in settlement discussions,
along with counsel for the SEC. A partial settlement was reached as to the SEC's request
for injunctive relief, and the terms of this partial settlement were placed on the record. *See
Doc. #51, Transcript of Settlement*.

At the October 24, 2012 hearing, Mr. Bluestein was placed under oath, and stated
that as part of the settlement, he agreed to a permanent bar to his working in the securities
industry:

> MR. FOSTER: Mr. Bluestein, do you understand that you are consenting
> today to being permanently barred from the securities industry including all

exchanges?

MR. BLUESTEIN: Yes.

MR. FOSTER: Were you given a document with the identical language that will be incorporated for your case and had an opportunity to read it?

MR. BLUESTEIN: Yes.

MR. FOSTER: I believe it was Judge Whalen's chambers I believe when all three of us met.

MR. BLUESTEIN: Yes.

MR. FOSTER: Do you recall that?

MR. BLUESTEIN: Yes.

MR. FOSTER: Do you have any questions about the document that was handed to you that you do not understand?

MR. BLUESTEIN: No. (Tr. 10-24-12, Dkt. #51, 5-6).

Following a side-bar conference with Mr. Bluestein, his lawyer, and the SEC's lawyer, the Court clarified that as part of the settlement, not only would Mr. Bluestein agree to the industry-wide injunctive order in this case, but would also consent to an injunctive order in the related SEC administrative case:

> THE COURT: Okay. Back on the record. I think we've clarified that...There's this case and then the administrative case, and in terms of this case, you'll present the proposed injunctive order to Judge Cox, and in terms of the industry-wide injunction–and that's–you read, Mr. Bluestein, and Mr. Foster, you had the opportunity to read the language–excuse me–that will be presented to an administrative law judge. *Id* at 10.

-3-

While the case settled as to the injunctive portion of the SEC's complaint, the

Court left open the question of monetary relief, and provided an opportunity for further

settlement discussions following an exchange of financial information:

> THE COURT: Now, as to the other part of the case, the money, as I indicated in chambers and I'll indicate on the record, that once Judge Cox signs the injunctive order, then the parties will have 60 days, Mr. Bluestein, you'll have 60 days to provide the requested financial information to the SEC, okay? Once you do that...the SEC will make a determination as to whether there's some basis for a settlement to the financial, the monetary portion of this. At the end of those 60 days, and I'll set a date certain, I will reconvene the parties, that will be you, Mr. Bluestein, the SEC's attorneys, we can do that by telephone, you'll advise me as to whether you've reached a settlement, whether you're close to a settlement such that it would be productive t come back to my court and try to hammer out on the details or whether you have not reached a settlement. If the latter is the case, then I will provide additional time, and I'll put this in my order, Mr. Bluestein, for you to respond to the pending summary judgment motion and I'll go forward with a report and a recommendation on that. Do you understand that, sir?

> MR. BLUESTEIN: Yes. *Id*. at 8-9.

At the October 24, 2014 hearing, I also granted Mr. Foster's motion to withdraw as

counsel and gave Bluestein time to obtain another lawyer, advising him that if he did not

retain new counsel, he would be proceeding *pro se*:

> THE COURT: One other thing for the record. Mr. Foster, I know that you have a motion for–to withdraw as counsel that I took under advisement pending these proceedings. What I'm going to do is I'm going to grant that motion. I'll enter an order granting that motion effective, effective after the injunctive order is signed by Judge Cox.

> What I'll do then, Mr. Bluestein, I'll give you 30 days to try to get another lawyer. You do that, fine. If you don't do that or if you're unable to do that, you will be proceeding pro se, which means you'll be representing yourself.

-4-

> That doesn't reduce or diminish in any way your obligations to this Court or
> you obligations to comply with orders of the Court or participate in further
> settlement discussion including providing the financial information. *Id*. at
> 11.

At the conclusion of the hearing, I directed Bluestein to give his correct address
and telephone number to the Court Clerk. *Id* at 12.

On November 30, 2014, I entered a written order [Doc. #52] granting Attorney
Foster's motion to withdraw, and directing Mr. Foster to provide Bluestein with a copy of
the order. I also ordered as follows:

> The parties will contact the Court by telephone no later than December 21,
> 2012, to advise whether the remainder of the case has been settled, or if not,
> to determine whether the Court should facilitate further settlement
> discussions. If the answer to both questions is "no," the Defendant shall file
> a response to Plaintiff's motion for summary judgment [Doc. #45] no later
> than January 21, 2013.

On January 24, 2014, the SEC moved for a permanent injunction barring Bluestein
from employment in the securities industry, based on his agreement to that relief on the
record on October 24, 2012 [Doc. #53]. On February 11, 2013, the SEC filed what it
termed a reply brief in support of its motion for summary judgment, indicating that all
attempts to contact Bluestein had been unsuccessful [Doc. #54].

Defendant Bluestein did not respond to either the SEC's motion for summary
judgment or its motion for permanent injunction. On March 7, 2013, I filed a Report and
Recommendation ("R&R") recommending that both the motion for summary judgment
and the motion for permanent injunction be granted [Doc. #55]. At the conclusion of the

R&R, I advised the parties that they had 14 days to file objections. The Clerk's Office mailed the R&R to Bluestein at the last address he provided to the Court, in Northville, Michigan. Bluestein did not file objections. On April 24, 2013, Judge Cox adopted the R&R, granted the motion for summary judgment, and granted the motion for permanent injunction [Doc. #57]. Judge Cox's Opinion and Order were mailed to Bluestein at the last address he provided to the Court, in Northville, Michigan. On the same day, Judge Cox ordered the parties to appear for a status conference on May 6, 2013 [Doc. #58]. However, Bluestein did not appear on that date. On May 6, 2013, Judge Cox entered judgment against Bluestein in the amount of $4,442,471.14, representing disgorgement together with prejudgment interest [Doc. #61]. The Judgment was mailed to Bluestein at his Northville address, but on May 15, 2013 it was returned to the Court as undeliverable [Doc. #62]. On May 7, 2014, Bluestein filed the present motion [Doc. #63].

## II.   STANDARD OF REVIEW

Defendant bases his motion on Fed.R.Civ.P. 60(b)(1) and (6). Rule 60(b) provides, in pertinent part, that "[o]n motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... or (6) any other reason that justifies relief."

Rule 60(b)(1) is intended to provide relief to a party in two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has

acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000).

A Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5). *Smith v. Secretary of Health and Human Services,* 776 F.2d 1330, 1333 (6th Cir.1985). Extraordinary circumstances are needed to grant relief under Rule 60(b)(6). *Id.*

A party must support a request under Rule 60(b) by clear and convincing evidence, and "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Info-Hold, Inc. v. Sound Merchandising, Inc.,* 538 F.3d 448,454 (6th Cir. 2008)(citations omitted). A motion under Rule 60(b) is entrusted to the Court's discretion. *Henness v. Bagley,* 766 F.3d 550, 554 (6th Cir. 2014).

## III.   DISCUSSION

Defendant Bluestein argues that there are three grounds supporting his request for relief from judgment: (1) he did not have notice or opportunity to respond regarding the monetary penalties; (2) the scope of the injunctive relief exceeded what he agreed to; and (3) he was without counsel at the time of the agreement between the parties. These arguments are refuted by the facts of this case.

First, at the October 24, 2012 hearing, the Court unambiguously informed Bluestein that he would be given 30 days to obtain new counsel; that if he did not obtain

new counsel, he would be proceeding *pro se*; that even if he were proceeding without

counsel, he would be required to participate in litigating the case and to comply with all

court orders; that if the monetary portion of the case did not settle, he would be required

to respond to the SEC's summary judgment motion; and that he was to provide the Court

with a correct address and telephone number. In addition, my Order of November 30,

2012 [Doc. #52] directed him to respond to the SEC's summary judgment motion by

January 21, 2013. My March 7, 2013 Report and Recommendation [Doc. #55] advised

Bluestein that he could file objections within 14 days. The SEC served its motion for

permanent injunction [Doc. #53] and its supplemental summary judgment brief [Doc.

#54] on Bluestein at his last known address. If Bluestein did not receive any of the

Court's written orders or R&Rs, or the SEC's pleadings, it is his own fault for not

providing the Court with a current address, as he was ordered to do. There has been no

*excusable* litigation mistake, nor has the Court made a substantive mistake of law or fact

that would justify relief under Rule 60(b)(1). *Cacevic*, *supra*. And certainly Bluestein's

failure to keep this Court and the Plaintiff advised of his whereabouts–effectively an

abandonment of his case–does not constitute the type of extraordinary circumstance that

would support relief under Rule 12(b)(6).

Second, Bluestein appears to argue that he did not agree to the industry-wide

injunctive relief that was imposed by this Court and at the administrative level. That claim

is completely contradicted by the record of the settlement proceedings on October 24,

2012, where Bluestein affirmed under oath that he was agreeing to a permanent, industry-wide ban on employment in the securities industry. And while Bluestein is correct that he did not agree to financial penalties as part of the settlement, those penalties were imposed not as part of a settlement agreement, but following summary judgment proceedings. Again, Bluestein was informed both at the October 24, 2012 hearing and by subsequent written order that he was to respond to the summary judgment motion.

Third, Bluestein's claim that he did not have legal representation at the settlement conference is blatantly false. Bluestein and his attorney, as well as the attorney for the SEC, actively participated in settlement discussion in my chambers on October 24, 2012. Bluestein's attorney voir dired him on the record regarding the terms of the settlement, and Bluestein indicated his understanding of and consent to the terms of the settlement. When asked if he was entering into the settlement because he believed it to be in his best interest, Bluestein answered, "Yes." *Tr. 10-24-12*, 8. As Judge Hood stated in *Khan v. General Motors Corp.*, 2013 WL 979435, *1 (E.D.Mich. 2013), "Plaintiff has not shown the presence of mistake, new evidence, fraud, or any other basis for relief under Rule 60(b). Plaintiff's request to have a second opportunity to settle a matter that he has already settled does not entitle Plaintiff to relief." So too Mr. Bluestein.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant Frank Bluestein's Motion for Relief from Judgment Pursuant to FRCP 60(b)[Doc. #63] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 27, 2015

-10-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 27, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager