UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States Securities and
Exchange Commission,

     Plaintiff,

v.                                                                                          Case No. 09-13809

Frank Bluestein,                                                               Honorable Sean F. Cox
                                                                                           Magistrate Judge R. Steven Whalen

     Defendant.
_____/

**ORDER
ACCEPTING AND ADOPTING REPORT & RECOMMENDATION**

     This is a civil securities fraud case. This matter is before the Court on Defendant's Pro Se Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b). (Doc. #63). Magistrate Judge Whalen issued a January 27, 2015 Report and Recommendation ("R&R") wherein he recommends that Defendant's motion be denied. (Jan. 27, 2015 R&R, Doc. #67). For the reasons set forth below, the Court shall ACCEPT AND ADOPT Magistrate Judge Whalen's January 27, 2015 R&R and DENY Defendant's Motion for Relief from Judgment.

**I.      BACKGROUND**

     On September 28, 2009, Plaintiff United States Securities and Exchange Commission ("SEC") filed its Complaint against Defendant Frank Bluestein ("Defendant" or "Bluestein"), alleging that Bluestein was the "single largest salesperson" in a Ponzi scheme that fraudulently netted millions of dollars in investments, mostly from elderly and retired individuals, in violation of several sections of the Securities Act of 1933 and the Securities Exchange Act of 1934. (Doc. #1). SEC sought a permanent injunction against Defendant as well as money damages representing

1

disgorgement of profits. All pretrial matters were referred to Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(A)&(B). (Doc. #29).

On October 24, 2012, the parties engaged in a settlement conference before Magistrate Judge Whalen. (*See* Conf. Transcript, Doc. #51). Defendant was represented by counsel. As a result of the settlement negotiations, Defendant "agree[d] to have entered a permanent injunction against the offenses" alleged in the Complaint. (Conf. Trans., Doc. #51 at 4). At the hearing, defense counsel asked Defendant whether he understood that he was consenting to being "permanently barred from the securities industry including all exchanges." (Doc. #51 at 5-6). Defendant replied, "Yes." (Doc. #51 at 6). Defendant stated that he had reviewed the injunction and understood its terms. (Doc. #6). The parties agreed that "the financial aspect" of the case, i.e. the issue of money damages, remained unresolved and was not included in the partial settlement agreement. (Doc. #51 at 7).

Defendant was also informed that, after this Court issued the injuction, Defendant would have sixty (60) days to provide certain financial records to the SEC in order to facilitate settlement of the money damages portion of this case. (Doc. #51 at 8). Magistrate Judge WHalen informed Defendant that, if the parties had not settled the money damages issue within sixty days, Defendant would have time to respond to the SEC's pending summary judgment motion (SEC MSJ, Doc. #45). (Doc. #51 at 9). Defendant indicated that he understood how the case would proceed after the October 2012 settlement conference. (Doc. #51 at 9).

Magistrate Judge Whalen further acknowledged that Defendant's counsel had filed a motion to withdraw. (Doc. # 51 at 11; Motion to Withdraw, Doc. #47). Magistrate Judge Whalen stated that he would grant defense counsel's motion, but it would not be effective until after this Court signed the injunctive order. (Doc. #51 at 11). Magistrate Judge Whalen then told Defendant that

2

he would give him thirty (30) days to find another lawyer, and that if Defendant was unable to do so, he would have to proceed pro se, i.e. represent himself. (Doc. #51 at 11). Magistrate Judge Whalen told Defendant to provide the Court with his current address and telephone number. (Doc. #51 at 12).

On November 30, 2012, Magistrate Judge Whalen granted defense counsel's motion to withdraw from the case. (Doc. #52). Magistrate Judge Whalen also ordered that, if the parties had not settled the money damages issue, Defendant's response to the pending motion for summary judgment was due no later than January 21, 2013. (Doc. #52).

On February 11, 2013, SEC filed a "Reply" to its original motion for summary judgment. (Reply to MSJ, Doc. #54). SEC stated that it had made several attempts to contact Defendant, both by telephone and by mail, but that Defendant had not responded to any of the telephone messages or correspondence. (Doc. #54 at 2). Further, Defendant had not filed a response to SEC's motion for summary judgment.

On April 24, 2013, this Court adopted Magistrate Judge Whalen's March 7, 2013 R&R (Doc. #55) granting SEC's Motion for Summary Judgment and granting SEC's motion for permanent injunction based on consent. (April 24, 2013 Order, Doc. #57).[1] This Court also scheduled a status conference for May 6, 2013. (Doc. #58). The April 24, 2013 Order, along with a Notice to Appear, was mailed to Defendant at his last known address in Northville, Michigan. The mail was returned as undeliverable. (Doc. #59).

Defendant failed to appear on May 6, 2013. This Court entered final judgment against

---

[1] Defendant did not file any objections to Magistrate Judge Whalen's March 7, 2013 R&R.

3

Defendant on the same date in the amount of $3,603,538.90, along with prejudgment interest in the amount of $838,932.24. (Doc. #61). The judgment was mailed to Defendant at his last known address in Northville, Michigan. The mail was returned as undeliverable with the following note: "MOVED LEFT NO ADDRESS UNABLE TO FORWARD RETURN TO SENDER." (Doc. #62).

On May 7, 2014, Defendant filed a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b). (Doc. #63). This filing appears to be the first time that Defendant has participated in this litigation since October of 2012. In his motion, Defendant argues that he is entitled to relief from this Court's May 6, 2013 Judgment because it was entered "without any type of hearing or due process protections." (Doc. #63 at 11).

Defendant also argues that the judgment should be vacated because his counsel ineffectively represented him at the October 2012 settlement conference. Defendant appears to be arguing that he did not know the SEC was pursuing a multi-million dollar money damages award against him. (Doc. #63 at 12).

Defendant also argues that the scope of the injunctive relief entered is broader than what the parties agreed to at the October 2012 settlement conference.

SEC filed a timely reply to Defendant's motion. (Doc. #64). This Court referred Defendant's motion to Magistrate Judge Whalen for a Report and Recommendation. (Doc. #65).[2]

Magistrate Judge Whalen recommends that the Court deny Defendant's motion for relief from the May 6, 2013 judgment. (R&R, Doc. #67). Magistrate Judge Whalen found that it was Defendant's own fault that he did not receive any of the Court's written orders, R&Rs, or SEC's

---

[2] An attempt was made to serve the order of reference on Defendant at the West Palm Beach, Florida address he provided on his motion, but even that was returned as undeliverable. (Doc. #66).

...
...

filings because Defendant failed to provide the Court with a current address as he was ordered to do at the settlement conference. (Doc. #7 at 8). Magistrate Judge Whalen rejected Defendant's argument that the injunctive order entered exceeded the scope of the parties' agreement, noting that the transcript of the settlement conference clearly indicates that Defendant "affirmed under oath that he was agreeing to a permanent, industry-wide ban on employment in the securities industry." (Doc. #67 at 9). Finally, Magistrate Judge Whalen stated that, as evidenced by the transcript, Defendant had legal representation at the settlement conference. (Doc. #67 at 9). In sum, Magistrate Judge Whalen found no mistake, new evidence, fraud, or excusable neglect that would warrant relief under Rule 60(b).

Defendant has filed objections to the Magistrate Judge's January 27, 2015 R&R. (Doc. #69). Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id*. "The district judge may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II.    ANALYSIS

Defendant objects to the R&R because "allowing the SEC to obtain a multi-million dollar judgment through a summary judgment procedure . . . is overly onerous and wholly disproportionate to the scope of defendant's mistakes." (Objs., Doc. #69 at 2). This is an improper objection, and lacks merit. The record is clear that Defendant knew that he would be representing himself after his attorney withdrew, Defendant knew that a summary judgment motion was pending, and Defendant

knew that he was supposed to be in contact with the SEC to settle the money damages issue. Defendant failed to ensure that the Court had his current mailing address and failed to engage in settlement negotiations with the SEC. In fact, Defendant has been out of contact with Plaintiff and this Court for over a year and a half.

Defendant faults the U.S. Postal Service for failing to forward his mail. Even if the post office had committed some internal error, that does not excuse Defendant's failure to respond to SEC's telephone messages. Defendant was certainly not prohibited from contacting the Court and updating his contact information. For whatever reason, Defendant chose not to participate in this litigation. Indeed, Defendant reappeared only after a nearly $4.5 million judgment was entered against him. Defendant cannot now complain that the outcome of this case is unfair or the rules of procedure too stringent. Defendant's first objection is overruled.

Defendant next objects that SEC failed to show diligent efforts to serve and/or contact him prior to summary judgment being entered against him. This argument was raised in Defendant's motion and properly rejected by Magistrate Judge Whalen. SEC stated in a signed filing that, between October 24, 2012 and February 11, 2013, it made several attempts to contact Defendant by mail and by telephone, to no avail. (SEC Reply to MSJ, Doc. #54). Defendant was informed at the October 24, 2012 hearing that the parties would have sixty days to reach a settlement agreement or the summary judgment motion would be considered on the merits. (Doc. #51 at 10-11). Defendant avers that SEC did not exercise due diligence in attempting to contact him, but Defendant has not shown that he was diligent in complying with the Court's orders—his actions indicate quite the opposite. Defendant's second objection is without merit.

Finally, Defendant argues that Magistrate Judge Whalen's R&R "is somewhat personal and

appears to be defending its actions rather than addressing the legal issues . . . ." (Doc. #69 at 5). Defendant appears to be claiming that Magistrate Judge Whalen is biased against him because Magistrate Judge Whalen conducted most of the pretrial proceedings in this case. This is not a proper objection to the R&R and is wholly without merit. Defendant's third objection is overruled.

## CONCLUSION & ORDER

For the reasons set forth above, the Court hereby ACCEPTS AND ADOPTS Magistrate Judge Whalen's January 27, 2015 Report and Recommendation (Doc. #67). The Court hereby ORDERS that Defendant's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. #63) is DENIED.

**IT IS SO ORDERED.**


Dated: March 18, 2015                                          S/ Sean F. Cox
                                                               Sean F. Cox
                                                               U. S. District Judge


I hereby certify that on March 18, 2015 a copy of the foregoing document was served upon counsel of record via electronic means and upon Frank Bluestein via First Class Mail at the address below:

Frank Bluestein
7108 Deer Point Lane
West Palm Beach, FL 33411

                                                               S/ Jennifer McCoy
                                                               Case Manager

appears to be defending its actions rather than addressing the legal issues . . . ." (Doc. #69 at 5). Defendant appears to be claiming that Magistrate Judge Whalen is biased against him because Magistrate Judge Whalen conducted most of the pretrial proceedings in this case. This is not a proper objection to the R&R and is wholly without merit. Defendant's third objection is overruled.

## CONCLUSION & ORDER

For the reasons set forth above, the Court hereby ACCEPTS AND ADOPTS Magistrate Judge Whalen's January 27, 2015 Report and Recommendation (Doc. #67). The Court hereby ORDERS that Defendant's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. #63) is DENIED.

**IT IS SO ORDERED.**


Dated: March 18, 2015                                          S/ Sean F. Cox
                                                               Sean F. Cox
                                                               U. S. District Judge


I hereby certify that on March 18, 2015 a copy of the foregoing document was served upon counsel of record via electronic means and upon Frank Bluestein via First Class Mail at the address below:

Frank Bluestein
7108 Deer Point Lane
West Palm Beach, FL 33411

                                                               S/ Jennifer McCoy
                                                               Case Manager